

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00091-CR

---

In re Kevin Nichols, Relator

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

On February 17, 2026, Relator, Kevin Nichols, filed a two-page handwritten document, which does not provide a case style and is not signed, requesting that we "File Treason on" named individuals and that we "File Treason Charges in Mandamus Quo Warranto."[1] We construe the document as a petition initiating an original appellate proceeding seeking extraordinary relief.[2] *See* Tex. R. App. P. 52.1(stating that a petition filed in an appellate court seeking extraordinary relief,

---

[1] The filing also includes two attachments, consisting of a typewritten copy of the Bill of Rights and what appears to be a single page from a motion to revoke a defendant's bond, both of which have handwritten notes on them.

[2] We note that Nichols' petition does not comply with the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 9.1(b), 9.4, 9.5, 52.3, 52.7.

such as a writ of mandamus or a writ of quo warranto, commences an original appellate proceeding).

To the extent we construe Nichols' pleading as a petition seeking the issuance of a writ of quo warranto, Nichols lacks the right to file such an application and has failed to show that we have jurisdiction to issue such a writ. *See* Tex. Gov't Code Ann. § 22.221(a) (authorizing appellate courts to issue writs of mandamus "and all other writs necessary to enforce the jurisdiction of the court"); Tex. Civ. Prac. & Rem. Code Ann. § 66.002(a) (authorizing only the attorney general or the county or district attorney of the proper county to petition "for leave to file an information in the nature of quo warranto"); *Paxton v. Annunciation House, Inc.*, 719 S.W.3d 555, 570 (Tex. 2025) ("Even then, however, quo warranto must still be pursued *governmentally*; were it is available, we recently reiterated that the writ is exclusive and can only be brought by the attorney general, a county attorney, or a district attorney." (internal quotations omitted)).

Similarly, to the extent we construe Nichols' pleading as a petition for writ of mandamus, we lack jurisdiction to initiate or to compel the initiation of a criminal prosecution. *See In re LaRue*, No. 08-25-00215-CR, 2025 WL 2609571, at *1 (Tex. App.—El Paso Sept. 9, 2025, orig. proceeding) (mem. op.) (not designated for publication); *In re Vineyard*, No. 07-03-0311-CV, 2003 WL 21688108, at *1 (Tex. App.—Amarillo July 18, 2003, orig. proceeding) (mem. op.) (per curiam).

Accordingly, we dismiss the petition for want of jurisdiction.

GINA M. PALAFOX, Justice

February 26, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)